United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-20473
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN RAMON ESPARZA

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-225-4

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Ramon Esparza appeals his guilty-plea conviction for conspiracy to possess with intent to distribute five or more kilograms of cocaine and 50 or more grams of methamphetamine, possession with intent to distribute five or more kilograms of cocaine, and possession with intent to distribute 50 or more grams of methamphetamine. Esparza argues that the district court erred in not advising him that he had a constitutional right against self-incrimination at the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rearraignment hearing. Because Esparza did not raise this issue in the district court, we review for plain error. See United States v. Vonn, 535 U.S. 55, 59 (2002).

The district court advised Esparza that he would not be required to testify unless he voluntarily chose to do so in his defense. Esparza concedes that this statement complied with FED. R. CRIM. P. 11(b)(1)(E). There is no requirement that the district court advise a defendant that he has a Fifth Amendment right against self-incrimination at the guilty plea hearing. Esparza has not shown that there was any error, plain or otherwise, in the district court's Rule 11 proceeding or that his guilty plea was not knowing and voluntary. See Vonn, 535 U.S. at 59.

AFFIRMED.